IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEDI SALHI, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-1828 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| THOMAS DECKER, | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM and ORDER**

On October 3, 2008, Petitioner Hedi Salhi, presently a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, held at the York County Prison in York, Pennsylvania, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1-1.) Salhi has paid the required filing fee. (*See* Doc. 1-2.) For the reasons set forth below, the Petition will be dismissed as premature.

## **BACKGROUND**

Salhi, who is a native of Tunisia, is subject to a March 10, 2008 final order of removal from the United States. (*See* Doc. 1-1 at 2.) On May 27, 2008, following a review of Salhi's file, a "Decision to Continue Detention" was issued by ICE. (*See id.* at 8.) Based on a review of his file and/or a personal interview and consideration of any information Salhi submitted, ICE denied release for the following reasons:

You are a citizen and national of Tunisia, who last entered the

> United States through New York City, on or about July 22, 1998, as a B-2 Non-Immigrant visitor. An Immigration Judge has ordered you removed from the United States, and ICE believes that a travel document for you will be forthcoming in the very near future. You have also been convicted of multiple counts of assault. Due to your previous criminal history, ICE has reason to believe that you would not adhere to conditions of an Order of Supervision at this time. We will continue to attempt to procure the necessary travel documents needed to remove you to Tunisia.
>
> Based on the above, you are to remain in ICE custody pending your removal from the United States.

(Doc. 1-1 at 8.) Salhi claims that he has never been convicted of a crime and that his right to due process has been violated because he has been detained beyond the six month "presumptively reasonable period of detention" established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id.* at 2-6.) He seeks either supervised release or removal to his home country. (*See id.* at 6.)

## DISCUSSION

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides as follows:

> The removal period begins on the latest of the following:
>
>> (i) The date the order of removal becomes administratively final.
>>
>> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the

>> court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zavydas*, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Following *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain

3

responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future and that he is entitled to release. 8 C.F.R. § 241.13(d)(1).

Salhi's ninety-day mandatory detention period expired on or about June 10, 2008. At that point, the presumptively reasonable six-month period established by *Zadvydas* began to run and will expire on or about December 10, 2008. Thus, because the six-month period established by the Supreme Court has not expired, and Salhi does not contend that he has been denied a hearing pursuant to *Zadvydas*, he is prematurely before this Court.[1] The Petition for writ of habeas corpus will be dismissed without prejudice.

**NOW, this 10th day of November, 2008**, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for writ of habeas corpus (Doc. 1-1) is **DISMISSED**

---

[1] The Court notes that, in its "Decision to Continue Detention," ICE stated that if Salhi had not been released or removed from the United States by September 8, 2008, jurisdiction over the custody decision in his case would be transferred to the HQPDU. (*See* Doc. 1-1 at 8.) Salhi does not state whether jurisdiction actually was transferred before he filed his Petition on October 3, 2008, and it is unknown whether jurisdiction subsequently was transferred. To the extent that jurisdiction over Salhi's case has been transferred to the HQPDU, he is reminded that he may submit a written request for release under 8 C.F.R. § 241.13(d)(1), as discussed above.

**WITHOUT PREJUDICE** as premature.

    2.    The Clerk of Court shall mark this matter **CLOSED**.

        s/ A. Richard Caputo
        A. RICHARD CAPUTO
        United States District Judge